UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PNC BANK, NATIONAL ASSOCIATION,

    Plaintiff,

v.                                        Case No. 5:16-cv-51-JSM-PRL

HENRY A. EHLERS, as Co-Trustee of the
Belleview Commerce Center Land Trust
Agreement dated January 30, 2006 and
SANFORD SUSMAN, as Co-Trustee of the
Belleview Commerce Center Land Trust
Agreement dated January 30, 2006,

    Defendants.
_____/

## FINAL JUDGMENT OF FORECLOSURE

This cause is before the Court upon the Consent to Entry of Judgment of Foreclosure, Consent to Appointment of Special Master, and Waiver of Defenses (the "Consent") executed by Defendants Henry A. Ehlers and Sanford Susman, as Co-Trustees of the Belleview Commerce Center Land Trust Agreement dated January 30, 2006 (collectively, the "Trustees" or "Defendants"). The Court, having reviewed the Consent executed by the Defendants and the record, and having been otherwise duly advised, it is hereby:

    **ORDERED AND ADJUDGED** that:

    1.    Judgment is entered in favor of Plaintiff, PNC Bank, National Association, and against Defendants.

2. Plaintiff is the owner and holder of that certain Renewal Promissory Note dated July 1, 2010 (the "Renewal Note"), which is secured by that certain Mortgage Deed and Security Agreement dated February 9, 2006, and recorded in Official Records Book 4337, Page 276, of the Public Records of Marion County, Florida, including all modifications and amendments thereto (the "Mortgage and Security Agreement").

3. On the Renewal Note, there is now due and owing to Plaintiff from Defendants, the following amounts:

| | |
|---|---|
| Principal Balance | $ 4,995,173.45 |
| Accrued Interest at through 10/10/2017 (per diem = $2,463.37) | $ 4,442,015.98 |
| Collection Fee | $ 60.00 |
| Late Charges | $ 210.00 |
| Total Amount Due through 10/10/2017 | $ 9,437,459.43 |

4. The total amount set forth in Paragraph 3 above shall be increased in the amount of such further costs as may be incurred in this action.

5. The total amount due as set forth above in Paragraph 3 shall bear interest from this date forward at the statutory rate specified by 28 U.S.C. § 1961.

6. Final judgment of foreclosure is entered in favor of Plaintiff and against Defendants, and anyone claim by through or under the Defendants, on the Mortgage and Security Agreement.

7. Plaintiff holds a lien for the total sum set forth in Paragraph 3 above, superior to any claims, interests or estates of Defendants, or anyone claim by through or under the Defendants, on the property described on the attached **Exhibit A** located and situated in Marion County, Florida (the "Property").

8. If the total sum set forth in paragraph 3 above, with interest thereon at the statutory rate and all costs of this action accruing subsequent to this judgment, are not paid immediately, the master appointed by this Court in this action (the "Master") shall sell the Property at a public sale at a location in Marion County to be designated by the Master, and at a date and time to be designated by the Master.

9. The procedures for the sale of the Property shall be in accordance with the practice and procedure in the state of Florida as provided in Chapter 45, Florida Statutes, except that title shall vest in the purchaser pursuant to a Master's deed issued after the confirmation of the sale by this Court.

10. The Plaintiff shall advertise the sale of the Property in accordance with 28 U.S.C. §§ 2001 - 2002, and after giving proper notice, the Master shall conduct the sale of the Property and sell the Property to the highest bidder for cash; provided however, that such sale shall not be held in the absence of the Plaintiff's attorney or representative.

11. Plaintiff shall advance all subsequent costs of this action, and shall be reimbursed for them by the special master if Plaintiff is not the purchaser of the Property, provided, however, that the purchaser of the Property shall be responsible for documentary stamps payable on the Master's deed. If Plaintiff is the purchaser, the special master shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to the judgment, or such part of it as is necessary to pay the bid in full.

12. Should Plaintiff be the purchaser at the sale, the special master is directed to issue the Master's deed to Plaintiff as PNC Bank, National Association, unless this Judgment and the attendant bidding rights are assigned.

13. Plaintiff may assign this Judgment and the attendant bidding rights by the filing of an assignment without further Order of this Court.

14. Any third party bidder at the sale shall be required at the time of the sale to deposit with the special master five percent (5%) of the successful bid amount by certified check made payable to the or by cash deposit. Before being permitted to bid at the sale, all third party bidders shall present proof that they are able to comply with this requirement and otherwise shall not be allowed to bid.

15. Upon the sale being made, the Master is directed to make a report and accounting of the proceeds realized from the sale of the Property, and the bidder, or bidders, at such sale and report the amount of the sale for confirmation.

16. The Master shall file the report and accounting with the Court no later than twenty (20) days after the sale of the Property, and the report and sale shall be subject to confirmation by this Court.

17. If there are no objections to the sale of the Property filed in this case within ten (10) days after the sale, upon confirmation of the sale by the Court, the Master shall convey title to the purchaser through execution and delivery of a Master's Deed, which shall be filed in the official land records for Marion County, Florida. At same time, Defendants, and all persons claiming under or against it since the filing and recording of the Notice of Lis Pendens for this action is foreclosed of all estate or claim in the Property and the purchaser at the sale shall be let into possession of the Property.

18. Plaintiff shall prepare the Master's Deed, and the purchaser at the sale shall pay for and be responsible for affixing to the Master's Deed any documentary stamp or taxes imposed upon the recordation of the Master's Deed.

19. Upon delivery of the Master's Deed to the purchaser at the sale, the proceeds from the sale of the Property, if any, shall be applied in this order: (1) to Plaintiff's costs and disbursements of this action; (2) to the expenses of the sale; (3) the total sum due to Plaintiff as set forth in Paragraph 3 above less the items paid, plus interest at the statutorily prescribed rate from this date to the sale ate; and (4) retaining any remaining proceeds, pending further order of the Court.

20. The Court retains jurisdiction of this cause for the entry of such further orders as may appear to it to be just and equitable, including, without limitation, orders of distribution, orders permitting private sale, and to award attorneys' fees and costs.

21. **IF THIS SUBJECT PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.**

22. **IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

DONE AND ORDERED in Chambers at Tampa, Florida, this 11th day of October, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

# EXHIBIT "A" - PROPERTY

A portion of Section 24, Township 16 South, Range 22 East, Marion County, Florida being more particularly described as follows:

Commence at the Northwest corner of the South 1/2 of the Southeast 1/4 of the Northwest 1/4 of said Section 24; thence along the North boundary of the South 1/2 of the South 1/2 of the North 1/2 of said Section 24 and the South right of way line of Southeast 92nd Place Road, a 140 foot right of way as now existing (February 9, 2006), North 89°39'15" East, 1034.47 feet to the Point of Beginning; thence continue along said North boundary and said South right of way line, North 89°39'15" East, a distance of 2857.82 feet to the intersection of said South right of way line with the West right of way line of State Road No. 35, a 100 foot right of way as now existing (February 9, 2006); thence departing said South right of way line, along said West right of way line, South 00°39'30" East, a distance of 482.07 feet; thence departing said West right of way line, South 89°38'30" West, a distance of 182.76 feet; thence South 00°56'30" East, a distance of 180.01 feet to the South boundary of the Northeast 1/4 and the North boundary of the Southeast 1/4 of said Section 24; thence along said South boundary and said North boundary, South 89°38'30" West, a distance of 417.99 feet; thence departing said South boundary and said North boundary, South 00°41'30" East, a distance of 100.00 feet; thence South 89°38'19" West, a distance of 87.12 feet; thence South 00°41'30" East, a distance of 108.02 feet; thence North 89°38'19" East, a distance of 87.12 feet; thence South 00°41'30" East, a distance of 454.45 feet to a point on the South boundary of the North 1/4 of the Southeast 1/4 of said Section 24; thence along said South boundary, South 89°39'24" West, a distance of 660.01 feet; thence departing said South boundary, North 00°41'30" West, a distance of 60.00 feet; thence South 89°39'24" West, a distance of 36.96 feet; thence North 00°41'30" West, a distance of 250.00 feet; thence South 89°39'24" West, a distance of 174.24 feet; thence South 00°41'30" East, a distance of 200.00 feet; thence South 89°39'24" West, a distance of 87.12 feet; thence South 00°41'30" East, a distance of 50.00 feet; thence North 89°39'24" East, a distance of 87.12 feet; thence South 00°41'30" East, a distance of 60.00 feet to a point on the aforesaid South boundary of the North 1/4 of the Southeast 1/4 of said Section 24; thence along said South boundary, South 89°39'24" West, a distance of 522.73 feet; thence North 00°41'30" West, a distance of 60.00 feet; thence South 89°39'24" West, a distance of 261.36 feet; thence North 00°41'30" West, a distance of 502.00 feet; thence North 89°38'19" East, a distance of 261.36 feet; thence North 00°41'30" West, a distance of 50.00 feet; thence North 89°38'19" East, a distance of 87.12 feet; thence North 00°41'30" West, a distance of 50.00 feet to the aforesaid South boundary of the Northeast 1/4 and the North boundary of the Southeast 1/4 of said Section 24; thence along said South boundary and said North boundary, South 89°38'30" West, a distance of 524.71 feet; thence departing

said South boundary and said North boundary, North 00°56'30" West, a distance of 35.00 feet; thence South 89°38'30" West, a distance of 184.21 feet; thence South 00°56'30" East, a distance of 20.00 feet; thence South 89°38'30" West, a distance of 240.76 feet; thence North 00°43'14" West, a distance of 647.98 feet to the Point of Beginning, LESS AN EXCEPT the South 35 feet of the West 20 feet of the East 337.5 feet of the West 1109.5 feet of the South 1/4 of the Northeast 1/4 of Section 24, Township 16 South, Range 22 East, Marion County, Florida, AND ALSO LESS AND EXCEPT the North 100.00 feet of the Westerly 348.48 feet of the Easterly 1521.20 feet of the North 1/4 of the Southeast 1/4 of Section 24, Township 16 South, Range 22 East, Marion County, Florida.

Together with the following:

All improvements now or hereafter located on the real property described above (the "Real Property").

All fixtures, appliances, apparatus, equipment, furnishings, heating and air conditioning equipment, machinery and articles of personal property and replacement thereof (other than those owned by lessees of the Real Property) now or hereafter affixed to, attached to, placed upon, or used in any way in connection with the completion and comfortable use, occupancy, or operation of the Real Property.

All licenses and permits used or required in connection with the use of the Real Property; all leases of the Real Property now or hereafter entered into; and all right, title and interest of Mortgagor thereunder, including without limitation, cash or securities deposited thereunder pursuant to such leases; all easements, rights of way, and appurtenances, and all rents, issues, proceeds, profits, revenues, royalties, rights, accounts, accounts receivable and benefits arising from, relating to or accruing from the Real Property; and together with all proceeds of the conversion, voluntary or involuntary, of any of the foregoing into cash or liquidated claims, including without limitation, proceeds of insurance and condemnation awards.

All and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining and the reversion and reversions thereof; and all the estate, right, title, interest, homestead, dower and right of dower, separate estate, possession, claim and demand whatsoever, as well in law as in equity, or Mortgagor and unto the same, and every part thereof, with the appurtenances of Mortgagor in and to the same, and every part and parcel thereof unto Mortgagee.